IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.                                                                         No. CR 06-257 MCA

**ALFREDO TORRES**,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the *Defendant['s] Request for Additional Discovery Regarding Confidential Informant* [Doc. 30] filed on July 17, 2006, and the *Defendant's Motion in Limine (Statements of the Confidential Informant to the Police)* [Doc. 40] filed on July 31, 2006. The Court held a hearing on the above motions at the Call of the Calendar on August 3, 2006, and the parties advised the Court of the status of discovery at a telephonic conference on July 26, 2006. [Doc. 43.] Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised in the premises, the Court grants the motions in part and denies the motions in part under the conditions set forth below.

**I.**     **BACKGROUND**

Defendant Alfredo Torres is charged in a *Superseding Indictment* [Doc. 21] with a single count of unlawfully, knowingly, and intentionally distributing five grams and more of methamphetamine on or about May 2, 2005. The alleged transaction that gave rise to this

charge involved a confidential witness under police surveillance. At trial, the Government intends to call law enforcement officers who allegedly witnessed all or a part of this transaction. At the Call of the Calendar on August 3, 2006, counsel for the Government stated that she has not yet decided whether to also call the confidential witness.

In the event that the confidential witness does not testify at trial, Defendant seeks to preclude the Government from introducing a recorded conversation between the confidential witness and an alleged co-conspirator, or eliciting testimony from police witnesses concerning statements the confidential witness made to them. In the event that the confidential witness does testify at trial, Defendant seeks additional discovery to aid him in his cross-examination of this witness.

## II.   ANALYSIS

The law is clear that the Government may not introduce testimonial statements attributed to the confidential witness solely through the trial testimony of the police officers with whom that witness spoke. See Fed. R. Evid. 801; Crawford v. Washington, 541 U.S. 36, 53-54 (2004); Davis v. Washington, 126 S. Ct. 2266, 2273-74 (2006). Therefore, Defendant's motion in limine is granted in part insofar as it seeks to preclude the introduction of such testimonial statements through the police witnesses.

The confidential witness's absence at trial, however, will not necessarily preclude the Government from introducing an audio recording of non-testimonial statements by an unavailable co-conspirator made during a conversation in which the confidential witness participated, so long as another witness can lay an adequate foundation to authenticate the

recording, identify the voices heard on that recording, and establish its admissibility under a firmly rooted hearsay exception or other indicia of reliability. Voice identification by a lay witness familiar with the voices in question is generally admissible under Fed. R. Evid. 701 or 901(b)(5). See, e.g., United States v. Hardwell, 80 F.3d 1471, 1494 (10th Cir. 1996); see generally 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 901.06[1] (2004). And the requirements for authenticating a recording under Fed. R. Evid. 901 may be satisfied without firsthand testimony by one of the persons who appears or is heard on the recording. See, e.g., id. (concluding that an officer could identify the voice on a tape because he heard the speaker's voice both in person and on a tape of his court appearance); United States v. Mills, 194 F.3d 1108, 1111-12 (10th Cir. 1999) (concluding that videotape was adequately authenticated by officer operating the video camera); see generally 5 Jack B. Weinstein & Margaret A. Berger, supra § 901.05[1].

While the limitations imposed by Crawford and its progeny undoubtedly prohibit the Government from introducing a witness's recorded statements that are testimonial in nature if that witness does not testify, the recording at issue here is more in the nature of planning among co-conspirators that has probative value apart from the truth of the matters asserted therein. See United States v. Faulkner, 439 F.3d 1221, 1225-27 (10th Cir. 2006). "Statements by coconspirators are commonly introduced at trial simply because the statements themselves are part of the plotting to commit a crime. The coconspirator is not asserting the truth of a historical event. Rather, he is directing the conduct of a fellow conspirator or agreeing to follow directions." Id. at 1226.

The rule establishing the admissibility of non-testimonial statements by co-conspirators may apply even when one of the participants in the conversation is a confidential informant. See Bourjaily v. United States, 483 U.S. 171, 173-84 (1987); United States v. Underwood, 446 F.3d 1340, 1347-48 (11th Cir. 2006); United States v. Hendricks, 395 F.3d 173, 183-84 (3d Cir. 2005); United States v. Saget, 377 F.3d 223, 229-30 (2d Cir. 2004). So long as the co-conspirator is unavailable and the other requirements of the Federal Rules of Evidence are satisfied, the statements of the confidential witness may be admitted as well to show the context in which the co-conspirator statements were made so they are intelligible to the jury. See Hendricks, 395 F.3d at 184 (collecting cases).

For these reasons, the Defendant's motion in limine is denied in part as to the audio recording, subject to the condition that the Government must lay the necessary foundation at trial and restrict the scope of this evidence to non-testimonial statements that fall within a firmly rooted hearsay exception or have sufficient indicia of reliability. Defendant, of course, retains the right to raise objections at trial if these foundational requirements are not satisfied.

I next turn to Defendant's discovery request. This request is moot if the confidential witness does not testify for the Government. See United States v. Green, 178 F.3d 1099, 1109 (10th Cir. 1999). Defendant's request also is largely moot even if the confidential witness does testify, because the Government represents that it has produced all of the information responsive to the five items listed by Defendant, except for daily contingency reports relating to other investigations which do not involve the Defendant. [Doc. 32.] The

Government contends that especially in light of the information previously produced, these daily contingency reports concerning the details of other investigations that do not involve Defendant are not material or necessary for purposes of cross-examination. In addition, producing such detailed information regarding other investigations has the potential to jeopardize the integrity of those investigations as well as the safety of the confidential witness.

Under these circumstances, the Court determines that the Government has satisfied its discovery obligations under Giglio v. United States, 405 U.S. 150 (1972). The information already produced gives the Defendant a sufficient basis to attack the confidential witness's credibility through cross-examination, and it appears that the Government will produce independent corroborating evidence to establish Defendant's guilt instead of relying solely on the testimony of the confidential witness for this purpose. Thus, the additional daily contingency reports regarding other investigations are not "material" for purposes of Giglio, see United States v. Gonzalez, 93 F.3d 311, 316-317 (7th Cir. 1996), nor is their disclosure necessary for purposes of securing Defendant's right to cross-examination under the Confrontation Clause, see United States v. Fuentez, 231 F.3d 700, 704 (10th Cir. 2000). It follows that Defendant's discovery request is granted in part as to the information already produced by the Government, and denied in part as to the additional daily contingency reports regarding other investigations.

**IT IS THEREFORE ORDERED** that the the *Defendant['s] Request for Additional Discovery Regarding Confidential Informant* [Doc. 30] is **GRANTED IN PART** as to the

information already produced by the Government and **DENIED IN PART** as to the additional daily contingency reports regarding other investigations.

**IT IS FURTHER ORDERED** that the *Defendant's Motion in Limine (Statements of the Confidential Informant to the Police)* [Doc. 40] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**SO ORDERED** in Albuquerque, New Mexico, this 8th day of August, 2006.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**